UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| Plaintiff-Respondent, | § | CRIMINAL ACTION NO. H-12-638-3 |
| VS. | § | CIVIL ACTION NO. H-16-1578 |
| | § | |
| DAVID WILSON HOLIDAY | § | |
| | § | |
| Defendant-Movant. | § | |

## OPINION AND ORDER

Pending before the Court in the above referenced proceeding is Movant David Wilson Holiday's § 2255 Motion to Vacate, Set Aside or Correct Sentence (Doc. 177); the Government's Motion to Dismiss (Doc. 183); and Magistrate Judge Stacy's Memorandum and Recommendation that the Court deny the § 2255 Motion and grant the United States' Motion to Dismiss (Doc. 189). Movant filed objections to the Memorandum and Recommendation. (Doc. 190).

**Standard of Review**

Objections timely filed within fourteen days of entry of the United States magistrate judge's memorandum and recommendation must specifically identify the findings or recommendations for which the party seeks reconsideration. 28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72(b); Fed. R. Crim. P. 59(b)(2); *United States v. Moreno*, No. CR H-03-235, 2017 WL 635503, at \*2 (S.D. Tex. Feb. 16, 2017) (citing *Thomas v. Arn*, 474 U.S. 140, 155 (1985)). The court does not have to consider "frivolous, conclusive, or general objections." *Moreno*, 2017 WL 635503, at \*2 (citing *Battle v. U.S. Parole Comm'n*, 834 F.2d 419, 421 (5th Cir. 1987) (per curiam)). Findings by the magistrate judge to which the party specifically objects must be reviewed *de novo* under 28 U.S.C. § 636(b)(1)(C). *See United States v. Wilson*, 864 F.2d 1219,

1221 (5th Cir. 1989) (per curiam).

Where the Movant untimely filed objections or did not specifically object to findings of the magistrate judge, after a warning, the Court will review the memorandum and recommendation only to decide whether the memorandum and recommendation is clearly erroneous or contrary to law. *Gamez v. United States*, No. SA-06-CR-401-XR, 2014 WL 2114043, at *2 (W.D. Tex. May 20, 2014) (citing *Wilson*, 864 F.2d at 1221); *see Quinn v. Guerrero*, 863 F.3d 353, 358 (5th Cir. 2017) (holding that where a party was advised that he must timely file objections, and he did not timely file objections, that he is entitled only to plain error review of the magistrate judge's recommendation). The district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C).

Once a defendant has been convicted and has exhausted or waived his right to appeal, a Court may presume that he "stands fairly and finally convicted." *United States v. Willis*, 273 F.3d 592, 595 (5th Cir. 2001). Therefore relief under § 2255 is limited to "transgressions of constitutional rights and for a narrow range of injuries that could not have been raised on direct appeal and would, if condoned, result in a complete miscarriage of justice." *United States v. Gaudet*, 81 F.3d 585, 589 (5th Cir. 1996). The court's ability to reduce or modify a sentence of imprisonment once it has been imposed is restricted. *United States v. Lopez*, 26 F.3d 512, 515 (5th Cir. 1994) (per curiam). There are four grounds on which a defendant may move to vacate, set aside, or correct his sentence under § 2255: (1) "the sentence was imposed in violation of the Constitution or laws of the United States"; (2) "the [district] court was without jurisdiction to impose such sentence"; (3) "the sentence was in excess of the maximum authorized by law"; and (4) the sentence was "otherwise subject to collateral attack." 28 U.S.C. § 2255(a). "A defendant

can challenge his conviction after it is presumed final only on issues of constitutional or jurisdictional magnitude . . . and may not raise an issue for the first time on collateral review without showing both 'cause' for his procedural default and 'actual prejudice' resulting from the error." *United States v. Shaid*, 937 F.2d 228, 232 (5th Cir. 1991) (citations omitted).

The Court has carefully reviewed the filings, the Magistrate Judge's Memorandum and Recommendation, and the applicable law and finds the portion of the Memorandum and Recommendation not specifically challenged by movant is not erroneous in its factual findings nor contrary to law. Accordingly, the Court hereby adopts the Magistrate Judge's Memorandum and Recommendation as its own.

Here, the Magistrate Judge's Memorandum and Recommendation contained a warning about the consequences of failing to object in writing. Despite the warning, the Movant filed his objections late. Therefore, the objections need not be considered *de novo*.

**Decision**

The Magistrate Judge found that Movant's § 2255 Motion is subject to dismissal because it is time-barred, none of the alternative dates for commencement of the limitations period apply, and Movant has not shown that the limitations period should be equitably tolled. The Court agrees.

Movant filed objections to the finding that his claim is time-barred. Though his objections were filed past the deadline set by the Magistrate Judge, the Court will still consider and respond to them here. Holiday contends that the Supreme Court cases *Johnson v. United States,* 135 S. Ct. 2251 (2015) and *Welch v. United States*, 136 S. Ct. 1257 (2016) render his sentence unconstitutional and justify tolling the statute of limitations. Specifically, he argues that these cases, along with *United States v. Garcia,* No. 16-10863 (5th Cir. May 23, 2017),

show that the Court wrongly added a six-level enhancement to his offense pursuant to U.S.S.G. § 2B3.1(b)(2)(B).

That sentencing guideline states that if a firearm was used (but not discharged) in an offense, a six-level increase in the offense level is appropriate. U.S.S.G. § 2B3.1(b)(2)(B). Thus, because Holiday's co-defendants, Stanley Snowmen and Alvin Snowmen, used firearms in the offense, Holiday's offense level was increased by six levels. Holiday contends that this increase was premised on his co-defendants' violation of 18 U.S.C. § 924(c), a statute which Holiday argues is unconstitutionally vague. Since, according to Holiday, 18 U.S.C. § 924(c) is unconstitutionally vague, his sentence, which he argues was based indirectly off of he co-defendants' violation of § 924(c), is improper and should be reduced.

Holiday's argument fails for two reasons. First, an increase in offense level under U.S.S.G. § 2B3.1(b)(2)(B) is not necessarily premised on a finding of a violation of 18 U.S.C. § 924(c). Even if 18 U.S.C. § 924(c) was found to be unconstitutionally vague, it does not mean that a sentence calculated in light of U.S.S.G. § 2B3.1(b)(2)(B) would be unconstitutional. Second and relatedly, the Supreme Court recently held that any enhancement made to a sentence pursuant to the Sentencing Guidelines does not invoke the void-for-vagueness doctrine or implicate Holiday's due process rights. *See Beckles v United States*, 137 S. Ct. 886, 892 (2017).

Finally, under 28 U.S.C. § 2253(c)(1)(B), "Unless a circuit justice or judge issues a certificate of appealability, an appeal may not be taken to the court of appeals from . . . the final order in a proceeding under section 2255." *See also* Fed. R. App. P. 22(b)(1) ("In a habeas corpus proceeding in which the detention complained of arises from . . . a 28 U.S.C. § 2255 proceeding, the applicant cannot take an appeal unless a circuit justice or a circuit or district judge issues a certificate of appealability under 28 U.S.C. § 2253(c).").

Furthermore, "[a] certificate of appealability may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). "A petitioner satisfies this standard by demonstrating that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issue presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003), *citing Slack v. McDaniel*, 529 U.S. 473, 484 (2000). Where the district court denies a § 2255 motion on the merits, to warrant an certificate of appealability a movant must be able to show that "reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Henry v. Cockrell*, 327 F.3d 429, 431 (5th Cir. 2003), *citing Slack*, 529 U.S. at 484. A district court may deny a certificate of appealability *sua sponte.* *Haynes v. Quarterman*, 526 F.3d 189, 193 (5th Cir. 2008) (citing *Alexander v. Johnson*, 211 F.3d 895, 898 (5th Cir. 2000) (per curiam)). Accordingly, it is hereby

ORDERED the United States' Motion for Dismissal is GRANTED, the Movant's § 2255 Motion is DENIED and his Objections are OVERRULED. It is further

ORDERED that a certificate of appealability is DENIED.

SIGNED at Houston, Texas, this 20th day of December, 2017.

MELINDA HARMON
UNITED STATES DISTRICT JUDGE